THE PEOPLE OF THE STATE OF NEW YORK, RESPOND-
ENT, *v.* CONSTANTINE FABER, APPELLANT.

*Bigamy — a second marriage, by one against whom a decree for divorce on the ground*
*of adultery has been granted, does not constitute the offense of bigamy.*

APPEAL from a judgment of the Court of General Sessions for
the city and county of New York, convicting the defendant of the
crime of bigamy.

The appellant was indicted for and tried and convicted of the
crime of bigamy, and sentenced to the State prison for the term
of five years. It was shown upon the trial that the defendant on
the 21st of February, 1878, was married to one Helen Asheń Bra-
den. Afterwards, and on the 12th of September 1881, in an action
in the Supreme Court of this State, wherein the wife of the appel-
lant was plaintiff and the appellant defendant, a judgment dissolving
the marriage on the ground of adultery committed by the defendant
was recovered and entered. Afterward and on the 16th of April,
1882, the appellant was married to one Mary West.

The facts upon the trial were undisputed. The court held as
matter of law that the appellant by his second marriage was guilty
of the crime of bigamy.

The court at General Term said : " This exact question was pre-
sented to this court in *The People* v. *Hovey* (5 Barb., 117), and it
was there held that after the dissolution of a marriage for adultery,
the marriage contract was at an end and the relation of husband and
wife no longer existed between the parties, and that it is not big-
amy for the guilty party to marry again, but that the second mar-
riage being prohibited by section 47 of the act concerning divorce
(2 R. S. [2d ed.], 80), it is punishable as a misdemeanor under the
forty-fifth section of title 6 of the Revised Statutes relating to
misdemeanors. (2 R. S. [2d ed.], 582.)

" The views of the court in that case are well sustained by the
able opinion of SELDEN, J., and it has not been reversed in any
subsequent case. In our opinion the case is a correct exposition of
the law."

The judgment must be reversed, and a new trial granted.

*William F. Kintzing* and *George L. Simonson*, for the appellant.

*John McKeon*, for the respondent.

Opinion *Per Curiam.*

Present — DAVIS, P. J., BRADY and DANIELS, JJ.

Judgment reversed, and a new trial granted.